**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HERIBERTO AVALOS-GONZALES,

Defendant-Appellant.

No. 08-2079

District of New Mexico

(D.C. No. 07-CR-2089 JH)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Heriberto Avalos-Gonzales was sentenced to 41 months imprisonment by

the United States District Court for the District of New Mexico, for reentry of a

deported alien in violation of 8 U.S.C. §§1326(a) and 1326(b). He timely

appealed his sentence, claiming that the district court relied on impermissible

factors in sentencing and abused its discretion in imposing an unreasonable

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence. We find that the district court did not rely on impermissible factors and that the imposed sentence was reasonable. We therefore affirm Mr. Avalos-Gonzales' sentence.

## BACKGROUND

On June 28, 2007, the United States Border Patrol arrested Mr. Avalos-Gonzales for re-entering the country less than a month after being deported for a second time on June 6, 2007. Mr. Avalos-Gonzales was first deported on January 23, 2001. Prior to his 2001 deportation, he and two other individuals were arrested in a Barstow, California hotel room with three and a half pounds of methamphetamine, $1,331.00, a 9 mm handgun, and more than 150 rounds of ammunition. Mr.Avalos-Gonzales was subsequently convicted of possession of a controlled substance for sale and sentenced to two years' imprisonment.

Mr. Avalos-Gonzales pled guilty to the June 28 offense, and rejected the government's fast-track offer in order to submit a sentencing memorandum to the district court and request a lower sentence. The Presentence Report ("PSR") calculated Mr. Avalos-Gonzales' offense level as 21. This reflected a base offense level of 8 and a 16-level enhancement for a prior crime of violence pursuant to U.S.S.G. 2L1.2(b)(1)(A), because the defendant was previously deported after a conviction for a drug trafficking felony for which the sentence imposed exceeded 13 months. After reducing the level by 3 for acceptance of responsibility, the PSR calculated a total offense level of 21. His criminal history

score was calculated at 3 and his criminal history category at II, rendering a guideline range of 41-51 months. Mr. Avalos-Gonzales did not challenge the PSR calculation, but argued at sentencing that §3553 factors other than the guideline range warranted a sentence of 18 to 24 months. The government responded that Mr. Avalos-Gonzales' circumstances did not distinguish his case from other defendants in similar situations and therefore did not warrant a variance from the guideline range. The government further asked that any reduction not be the same as what the fast-track offer would have given Mr. Avalos-Gonzales, as such a reduction would create a disincentive for other defendants to accept fast-track offers.

The district court sentenced Mr. Avalos-Gonzales to 41 months imprisonment, based on the fact that his 1999 arrest involved a firearm and three and a half pounds of methamphetamine.

## ANALYSIS

Mr. Avalos-Gonzales argues first that the district court improperly relied on the prosecution's argument that it should sentence him at a level above what he would have received if he had accepted a fast-track offer, claiming that this was an impermissible sentencing factor. We need not consider the legal merits of this argument, however, because the record reflects that the district court relied entirely on the § 3553(a) factors. The district court explained the reasons for the sentence as follows:

I guess what distinguishes this case in my mind is the defendant's history. . . .

The thing that bothers me about the defendant's history is, [] this prior conviction for possession of controlled substance. And I do note that it did involve a fairly large amount of drugs, three and half pounds of methamphetamine. And I do acknowledge that while the firearm charge was dismissed, I, it does concern me greatly that there was a firearm, well a firearm that was in the general area of the defendant; I'm not quite sure where the duffel bag was. But I don't know, these are things that, that provide great concern to me. And while, yes, the arrest was in 1999, the sentence was imposed in 1999. I do note that the defendant was released from jail in 2001. So while the conviction was about nine years ago, eight and a half years ago, the defendant really had only been out of jail about six years when this particular offense occurred. So, so those are some of the things that enter into my thinking in assessing the sentence that should be imposed in this case.

Tr. of Sentencing at 11-13. The district court made no mention of Mr. Avalos-Gonzales' rejection of the fast-track offer as a relevant consideration.

Mr. Avalos-Gonzales next argues that the guidelines provision for his offense is not based on empirical evidence. He cites various research and other courts' findings to support his criticism of the Sentencing Guidelines on this point. Because he did not raise this argument before the district court, however, our review is for plain error. Whatever might be the abstract merit of his criticisms, the decision of a district court to impose a within-Guidelines sentence is not plain error.

Next, Mr. Avalos-Gonzales challenges the substantive reasonableness of the sentence, claiming that the district court failed to give proper weight to all the § 3553(a) factors. Mr. Avalos-Gonzales' sentence was at the low end of the

recommended Guidelines range. This court has held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). The district court properly considered not only the recommended range, but also the statutory sentencing factors. As the sentencing judge stated: "the Court has reviewed the presentence report factual findings and has considered the advisory sentencing guideline applications, as well as *all of the factors set forth in 18 U.S.C. 3553 A1 through 7*." *Id.* at 13 (emphasis added). We see no basis for overturning the sentencing court's exercise of sentencing discretion.

Finally, Mr. Avalos-Gonzales argues that the district court's rationale for not granting him a variance was based on two disputed, judge-found facts: that there was a firearm associated with him at the time of his arrest for the prior crime and the amount of methamphetamine recovered at the scene of his crime. According to Mr. Avalos-Gonzales, judicial fact-finding is subject to the reasonable doubt standard and cannot be based on "probably accurate" information such as hearsay.

This argument flies in the face of well-established precedent. *See*, *e.g., United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005) (holding that district courts are required to determine facts relevant to sentencing through application of the preponderance standard). Whatever might be the logic of the matter, the Supreme Court has held that the Sixth Amendment does not preclude reliance on

facts found by a judge pursuant to a discretionary sentencing system. *United States v. Booker,* 543 U.S. 220, 273 (2005). The facts relied on by the district court were contained in the PSR and were not disputed by the defendant. The district court was therefore entitled to treat those facts as established. Fed. R. Crim. P. 32(i)(3)(A).

## CONCLUSION

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge
